UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA ZIMMERMANN, | **COMPLAINT** |
| Plaintiff, | **Civil Action No.:** |
| -against- | Jury Trial Demanded |
| ALLSEATED, INC., | |
| Defendant. | |

ALEXANDRA ZIMMERMANN ("Plaintiff"), by and through her attorneys, STEVENSON MARINO LLP, as and for her Complaint against ALLSEATED, INC. ("Defendant" or "AllSeated"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.      This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the gender discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C.A. § 2000e-2, 42 U.S.C.A. § 2000e(k); (ii) the gender/caregiver discrimination provisions of the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2.      As described below, within one month of Plaintiff notifying Defendant that she was pregnant, Defendant terminated Plaintiff's employment on the basis of her pregnancy/gender in violation of the PDA and the NYCHRL.

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3.      On June 16, 2022, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), which was assigned EEOC Charge No.: 520-2022-05931.

4.      Thereafter, the EEOC issued a Notice of Right to Sue ("Notice") for Plaintiff, which Plaintiff received on September 21, 2022.

5.      Plaintiff has timely filed this Complaint within ninety days of receiving the Notice.

**JURISDICTION AND VENUE**

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

8.      At all relevant times herein, Plaintiff worked for Defendant in New York, and was an "employee" entitled to protection as defined by the PDA and the NYCHRL.

9.      At all relevant times herein, Defendant was and is a California corporation with its principal place of business located at 311 California Street, Suite 610, San Francisco, California 94104. During the relevant period, Defendant employed at least fifteen employees and thus is an "employer" within the meaning of the PDA and the NYCHRL.

## BACKGROUND FACTS

10.     AllSeated is an event planning company, with its headquarters located at 311 California Street, Suite 610, San Francisco, California 94104.

11.     On May 10, 2021, AllSeated hired Plaintiff as a Graphic Designer to work for the Company's office located at 244 W. 30th Street, New York, New York 10001.

12.     On September 14, 2021, Co-Founder and Chief Marketing Officer, Sandy Hammer, commended Plaintiff on her job performance, noting that she "recognizes good people" and "value[s] them." Hammer also informed Plaintiff that she has received word from other AllSeated employees that they are "thrilled to work with [Plaintiff] and head more of the brand for the company!"

13.     On December 28, 2021, as a result of her continued success being recognized by the Company, AllSeated rewarded Plaintiff with an impressive 7% raise at her year-end review that took place with AllSeated's Director of Marketing, Meredith Vogel.

14.     On that same date, December 28, 2021, Plaintiff informed the Company's Human Resources Manager, Dekel Vered, that she was pregnant and inquired about the Company's maternity leave policy.

15.     Immediately thereafter, Plaintiff noticed stark changes with respect to her employment duties and the Company's treatment of her. On January 17, 2022, Plaintiff received an email from Hammer, criticizing Plaintiff on the basis that Hammer unexpectedly needed to "get involved" because according to her, Plaintiff "seem[ed] to have not taken care of all the images for the website" on a Company project. Plaintiff responded that the project was arduous and that getting the right images was "something that [the team] had multiple conversations about." Nonetheless, Plaintiff apologized for not meeting expectations and stated she would work to

improve. This was the first time Hammer criticized Plaintiff's work performance, which occurred only twenty days after the Company learned of Plaintiff's pregnancy and future need for maternity leave.

16.     On January 20, 2022, for the first time during her employment, Plaintiff was dismissed from a website project without reason. From this date, AllSeated began to exclude Plaintiff from new product brand meetings, which also previously never occurred before the date she put the Company on notice of her pregnancy.

17.     On January 27, 2022, Plaintiff worked to complete final edits on a project with AllSeated's Director of Inside Sales, Scott Smith, before leaving work at the end of the day. After inquiring with Smith early the next morning if there was anything else for her to work on concerning the proposal, Smith responded that it was sent out the previous night and "[t]hanks for your help!" Plaintiff collegiately responded that she was sorry that she needed to leave at 5:00 p.m. due to personal reasons, despite this being the time that her and other employees customarily ended their workdays.

18.     On January 28, 2022, Plaintiff brought the issue up with Vered, noting that she apologized to Smith about her need to leave abruptly at the end of the workday and assuring Vered that she would do her best to communicate better in the future. In response, on this same day, Vered sent a message to Plaintiff to criticize her on Plaintiff's inability to stay later at work. Making clear that Plaintiff's upcoming pregnancy played a role in her criticism, Vered noted that while Smith too has "young kids," and the Company respects personal time, the Company will not condone "just leaving him to deal with it" as it is "really not ok." Vered also made it clear that AllSeated expected Plaintiff to "come back to [work] in a couple of hours," another indication that her personal life involving her pregnancy was on the Company's radar. Vered ended the message

4

with, "I'm glad you apologized to him and thanks for saying you will try your best next time to be better at communicating." Plaintiff responded, "yes I take responsibility."

19.     Also on January 28, 2022, Vogel reprimanded Plaintiff for not working later hours to help Smith complete the project, taking exception with Plaintiff wishing Smith "good luck" in finishing the project.

20.     On February 9, 2022, without any further notice, AllSeated terminated Plaintiff's employment. Except for Vogel's reprimand to Plaintiff, AllSeated never provided any verbal or written warning whatsoever.

21.     During Plaintiff's termination meeting on February 9, 2022, AllSeated confirmed there were no further incidents and her work performance had actually *improved*, but stated her reason for termination was based on "a lot of friction and trouble" with another associate that occurred in August 2021. This explanation was inconsistent with Plaintiff's review and raise that occurred on December 28, 2021, which occurred over three months after the August 2021 incident. Vogel also stated AllSeated's reason for termination was based on her interaction with Smith on January 28, 2022, because according to Vogel, AllSeated took issue with Plaintiff's "suggest[ion that Smith] could do parts himself, and we don't work that way, there is a way to say things. And then ending things with 'good luck.'"

22.     Also, on February 9, 2022, AllSeated provided Plaintiff with a termination agreement entitled "Terms of Termination." In paragraph 1 of the agreement, AllSeated cited the reasons for Plaintiff's termination as "failure to meet deadlines and present acceptable work products." These reasons were entirely inconsistent with the reasons stated during the termination meeting, during which AllSeated stated that the reasons for termination were based on poor

interactions and communication with other AllSeated employees in August 2021 and January 28, 2022.

23.     The agreement also stated in paragraph 2 that "[d]espite several warnings and conversations by your supervisors, your performance and attitude did not improve." This is contradicted by the termination meeting on February 9, 2022, during which Vogel stated to Plaintiff, "at certain points, I do feel that things did improve on certain items." It is further contradicted by Vered agreeing with Plaintiff that since January 28, 2022, "Vogel did mention there was some kind of improvement while she worked on it with you, but again, it is all relative."

24.     Therefore, AllSeated's weak and inconsistent explanation for its decision to terminate Plaintiff's employment only <u>one month</u> after the Company was informed about her pregnancy demonstrates that AllSeated's proffered reason was pretext and the real reason for Plaintiff's termination is based on her pregnancy in violation of the PDA and NYCHRL.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Gender/Pregnancy Discrimination in Violation of the PDA*

25.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26.     The PDA makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to the employee's compensation, terms, conditions, or privileges of employment, because of such individual's sex.

27.     The PDA further defines "because of sex" and "on the basis of sex" as including, but not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes.

28.     As described above, Defendant is an employer within the meaning of the PDA, while Plaintiff is an employee within the meaning of the PDA.

29.     As also described above, Defendant discriminated against Plaintiff by discharging Plaintiff on the basis of her sex and otherwise discriminated against Plaintiff with respect to the conditions and privileges of Plaintiff's employment based on her sex.

30.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the PDA, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages and other relief.

31.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the PDA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

32.     Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the PDA, for which Plaintiff is entitled to an award of punitive damages.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Gender/Pregnancy Discrimination in Violation of the NYCHRL*

33.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34.     NYCHRL § 8-107 prohibits employers, because of an employee's gender or pregnancy, from discriminating against such individual with respect to compensation, terms, conditions, or privileges of employment.

35.     As described above, Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her gender and/or pregnancy, in violation of the NYCHRL.

36.     As also described above, Defendant is an employer within the meaning of the NYCHRL, while Plaintiff is an employee within the meaning of the NYCHRL.

37.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages and other relief.

38.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

39.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York City laws;

b.      An order granting preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

d.      An award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with Plaintiff's claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that Plaintiff would have received but for Defendant's unlawful conduct;

e.      An award of damages to be determined at trial to compensate Plaintiff for harm to Plaintiff's professional and personal reputations and loss of career fulfillment in connection with Plaintiff's claims;

f.      An award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with Plaintiff's claims;

g.      An award of punitive damages to the extent permitted by law, commensurate with Defendant's ability to pay;

h.      An award to Plaintiff of reasonable attorneys' fees, as well as Plaintiff's costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

i.      An award of pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff such other and further relief, including equitable relief, as this

Court finds necessary and proper.

Dated: White Plains, New York
           October 25, 2022

                                        Respectfully submitted,

                                        STEVENSON MARINO LLP
                                        *Attorneys for Plaintiff*
                                        445 Hamilton Avenue, Suite 1500
                                        White Plains, New York 10601
                                        Tel.     (212) 939-7229
                                        Fax.     (212) 531-6129


                      By:     _____
                                        JEFFREY R. MAGUIRE